[Cite as *Consolo v. Grafton Correctional Inst.*, 2010-Ohio-4338.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES CONSOLO

    Plaintiff

    v.

GRAFTON CORRECTIONAL INSTITUTION

    Defendant
    Case No. 2009-07580

Judge Clark B. Weaver Sr.
Magistrate Matthew C. Rambo

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On July 7, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 5, 2010, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16. Plaintiff alleges that he was forced to wait from July 2007 until October 2008 to receive dentures after all of his upper teeth had been extracted. Defendant argues that the treatment plaintiff received met the appropriate standard of care.

{¶ 5} In support of its motion, defendant provided the affidavit of Philip K. Meme, who states:

{¶ 6} "1. I am licensed as a dentist in good standing in the State of Ohio;

{¶ 7} "2. Besides operating my own dental practice, I am currently contracted by Mid America Health to provide dental care and treatment for the Ohio Department of Rehabilitation and Correction (DRC) at [defendant];

{¶ 8} "3. At [defendant], I am the Dental Director and I supervise and have personal knowledge of the activities and duties relating to the dental care and treatment of inmates that are incarcerated at [defendant];

{¶ 9} "4. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit;

{¶ 10} "5. I have read the allegations set forth in the plaintiff's complaint;

{¶ 11} "6. I have reviewed the dental file of [plaintiff];

{¶ 12} "7. As of the signing of this affidavit, [plaintiff] has received dental care and treatment at [defendant] from September 7, 2004 until May 13, 2010;

{¶ 13} "8. According to his dental file, [plaintiff's] dental care and treatment at [defendant] has met the appropriate standard of care;

{¶ 14} "9. The dental care [plaintiff] received at [defendant] did not proximately result in the injuries he alleges in his complaint;

{¶ 15} "10. While there may have been some delay between [plaintiff's] dental appointments, any such delay has not caused any reported or permanent injury to [plaintiff]."

{¶ 16} Plaintiff did not file any affidavit to dispute the averments made by Meme. Civ.R. 56(E) provides, in part:

{¶ 17} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶ 18} In order to establish liability, plaintiff must produce evidence to establish both the relevant standard of care and proximate cause.  See *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127.   The appropriate standard of care must be proven by expert testimony which must construe what a medical professional of ordinary skill, care, and diligence in the same medical specialty would do in similar circumstances.  Id.

{¶ 19} In his response to the motion, plaintiff provided the court with his own affidavit and several documents, including several that he claims are his dental records. However, he did not provide the court with competent, credible testimony to rebut that of Meme.

{¶ 20} Based upon the affidavit testimony provided by Meme and in consideration of plaintiff's failure to provide the court with any evidence showing that a genuine issue of fact exists for trial, the court finds that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is hereby GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal

Case No. 2009-07580                    - 4 -                                    ENTRY


                                       _____
                                       CLARK B. WEAVER SR.
                                       Judge

cc:


Daniel R. Forsythe                     Charles Consolo, #A199-812
Assistant Attorney General             Grafton Correctional Institution
150 East Gay Street, 18th Floor        2500 South Avon-Belden Road
Columbus, Ohio 43215-3130              Grafton, Ohio 44044-9802

MR/cmd
Filed September 2, 2010
To S.C. reporter September 14, 2010